## No. 9800.

### MARSHALL v. THORSON, ET AL.

Decided March 7, 1921. Rehearing denied May 2, 1921.

Action to recover on a guaranty for the payment of rent. Judgment for plaintiffs.

### *Reversed.*

1. LEASE—*Guaranty.* One of three lessees of a hotel property agreed with the others that in consideration of their managing the hotel and protecting him from any charges or demands growing out of the lease, he would guarantee to them the payment of rent by a sub-lessee of the saloon privileges. Held, that the guaranty was special and not assignable.

2. APPEAL AND ERROR—*Instructions.* An instrument not being assignable, it was error for the court to leave to the jury the question of whether or not it had in fact been assigned.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. WILLIAM H. GABBERT, Messrs. McMULLIN & STERN-
BERG, for plaintiff in error.

Mr. A. L. BEARDSLEY, for defendants in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANTS in error sought to recover on a special guaranty made by plaintiff in error to pay the rent of a room in the Glenwood Hotel used for saloon purposes.

Plaintiff in error and H. and A. Burnett were joint lessees of said hotel under a lease running for five years. They entered into an agreement by which Marshall agreed that, in consideration of the Burnetts' managing the hotel, paying the rent therefor and saving him harmless from all charges and claims arising out of the lease, he would guarantee to them that one Richardson, to whom the saloon privileges in the hotel had been leased, should, during said term, pay the Burnetts the stipulated rent of $100 per month. This guaranty was made to continue so long as the Burnetts should pay the rent of the hotel.

The Burnetts, on their part, agreed with Marshall that they would pay all losses arising from carrying on the hotel and protect him to the fullest extent from charges or demands, of any character or nature, growing out of the lease to which he was a party.

The Burnetts, some time afterwards, turned over the hotel to the defendants in error, without having executed a regular assignment of the lease. There being a default in the payment of the rent for the room used as a saloon, the plaintiffs brought their action against Marshall on the guaranty. They had judgment and the cause is now here on error.

Plaintiff in error contends that the guaranty executed by him is special, running to the Burnetts alone, and in its nature not assignable. In this we think he is right. The instrument known as Exhibit "C," which the defendants in error contend passed to them with the lease, with all

rights under it, is clearly a bi-lateral agreement, in which each party promises in consideration of something to be performed by the other.   Marshall agreed to be bound in consideration that the Burnetts would protect him on the lease.   He could not be held by some one else who had taken over the hotel, and assumed the obligation to pay the stipulated rental.   He had not so agreed.

The promises are made upon mutual confidence and trust.   Because Marshall was willing to guarantee the rent while the Burnetts, whom he knew, conducted the hotel, is no reason for supposing that he was willing to assume the same obligation when others conducted it.   The consideration for the guaranty was Marshall's confidence in the ability of the Burnetts to manage the hotel successfully.   Its conduct by others might not only leave him liable for the rent of the hotel, but diminish the rental value of the room the rent of which he guaranteed.

The instrument not being assignable, the instructions by the court leaving it to the jury to determine whether or not it was in fact assigned by the acts of Marshall was prejudicial error.

There being no right of action in the plaintiffs, it is unnecessary to consider the other errors assigned.   The judgment is reversed with directions to dismiss the action.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.